Michele R. Stafford, Esq. (SBN 172509)
Muriel B. Kaplan (SBN 124607)
SALTZMAN & JOHNSON LAW CORPORATION
44 Montgomery Street, Suite 2110
San Francisco, CA 94104
Telephone: (415) 882-7900
Facsimile: (415) 882-9287
mstafford@sjlawcorp.com
mkaplan@sjlawcorp.com

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| F. G. CROSTHWAITE, et al., as Trustees of of the OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, et al.<br><br>     Plaintiffs,<br><br>     v.<br><br>ZAYAS INCORPORATED, a California Corporation, *aka* ZAYAS EXCAVATING, INC., *aka* ZAYAS EXCAVATING, and *fka* ALBERT ZAYAS EXCAVATING, INC., *aka* ALBERT ZAYAS EXCAVATING, a dissolved California Corporation,<br><br>     Defendant. | Case No.: C12-6567 WHA<br><br>**NOTICE OF ACKNOWLEDGEMENT AND JUDGMENT PURSUANT TO STIPULATION** |

IT IS HEREBY STIPULATED and AGREED (the "Stipulation" or "Judgment") by and between the parties hereto, that Judgment shall be entered in the within action in favor of the Plaintiffs OPERATING ENGINEERS' HEALTH AND WELFARE TRUST FUND, et al. (collectively "Plaintiffs" or "Trust Funds") and against Defendant ZAYAS INCORPORATED, a California Corporation, *aka* ZAYAS EXCAVATING, INC., *aka* ZAYAS EXCAVATING, and *fka* ALBERT ZAYAS EXCAVATING, INC., *aka* ALBERT ZAYAS EXCAVATING, a dissolved California Corporation, and/or alter egos and/or successor entities (collectively "Defendant"), as follows:

1.      Defendant entered into a valid Collective Bargaining Agreement with the Operating

1  Engineers Local 3 Trust Funds (hereinafter "Bargaining Agreement"). This Bargaining Agreement
2  has continued in full force and effect to the present time.
3      2.      MICHAEL ALBERT ZAYAS hereby acknowledges that he is authorized to
4  receive service and has received the following documents in this action on behalf of all named
5  Defendant: Summons; Complaint; Dispute Resolution Procedures in the Northern District of
6  California; Order Setting Initial Case Management Conference and ADR Deadlines; Standing
7  Order – Magistrate Judge Elizabeth D. Laporte; Standing Order re Case Management Conference;
8  Standing Order for All Judges of the Northern District of California; Instructions for Completion
9  of ADR Forms Regarding Selection of an ADR Process; Stipulation and [Proposed Order]
10 Selecting ADR Process; Notice of Need for ADR Phone Conference; ADR Certification by Parties
11 and Counsel; ECF Registration Information Handout; Welcome to the U.S. District Court; Notice
12 of Assignment to a Magistrate Judge, Consent, Declination; Certification of Interested Entities or
13 Persons Pursuant to Civil Local Rule 3-16; Declination to Proceed Before a Magistrate Judge and
14 Request for Reassignment to a United States District Judge.
15      3.      Defendant has become indebted to the Trust Funds as follows:
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

|  |  | Principal | Liquidated Damages | Interest | Totals |
|---|---|---|---|---|---|
| 8/12 | Contribution balance | $4,904.29 | | | |
|  | 20% Liquidated Damages | | $2,503.61 | | |
|  | 10% p/a Interest (9/26/12-1/30/13) | | | $280.50 | |
|  |  |  |  |  | $7,688.40 |
| 9/12 | Contribution balance | $16,447.16 | | | |
|  | 20% Liquidated Damages | | $3,823.71 | | |
|  | 10% p/a Interest (10/26/12-1/30/13) | | | $319.10 | |
|  |  |  |  |  | $20,589.97 |
| 10/12 | Contribution balance | $20,035.03 | | | |
|  | 20% Liquidated Damages | | $4,657.84 | | |
|  | 10% p/a Interest (11/26/12-1/30/13) | | | $218.94 | |
|  |  |  |  |  | $24,911.81 |
| 11/12 | Contributions | $18,827.28 | | | |
|  | 20% Liquidated Damages | | $3,765.46 | | |
|  | 10% p/a Interest (12/26/12-1/30/13) | | | $185.69 | |
|  |  |  |  |  | $22,878.43 |
| 12/12 | Contributions | $6,514.08 | | | |
|  | 20% Liquidated Damages | | $1,302.82 | | |
|  | 10% p/a Interest (1/26/13-1/30/13) | | | $8.92 | |
|  |  |  |  |  | $7,825.82 |
| Liquidated damages (8/10-2/12, 4/12-6/12) | | | $35,966.37 | | $35,966.37 |
| 10% p/a Interest (8/10-2/12, 4/12-6/12) | | | | $7,483.81 | $7,483.81 |
| ***SUB-TOTALS*** | | ***$66,727.84*** | ***$52,019.81*** | ***$8,496.96*** | ***$127,244.61*** |
| Attorneys' fees (12/17/12-2/11/13) | | | | $1,779.50 | |
| Costs of filing suit | | | | $350.00 | |
|  |  |  |  |  | $2,129.50 |
| ***SUB-TOTAL*** | | | | | ***$131,503.61*** |
| Credit (Lawson Mechanical payment) | | | | | <$26,599.16> |
| ***TOTAL*** | | | | | ***$104,904.45*** |

4. Defendant shall *conditionally* pay the amount of **$52,884.64**, representing all of the above amounts, less conditionally waived liquidated damages in the amount **of $52,019.81**. *This conditional waiver is expressly conditioned upon timely compliance with all of the terms of this Stipulation,* as follows:

(a) Beginning on or before February 25, 2013, and continuing on or before the 25th day of each month thereafter, for a period of twelve (12) months, through and including January 25, 2014, Defendant shall pay to Plaintiffs the amount of **$5,000.00** per month.

(b) Payments may be made by joint check, cashier's check or other irrevocable form of payment, which shall be endorsed by Defendant prior to submission to Plaintiffs. Any and all joint checks received for amounts owed under the Stipulation shall be applied to reduce the balance due. Any payments made by joint check, made based on amounts found due by certified payroll or other manner and/or any payment for which a lien release is required shall not take the

place of a regular monthly stipulated payment unless agreed to by the parties.

    (c) Defendant shall have the right to increase the monthly payments at any time, without penalty.

    (d) Payments shall be applied first to unpaid interest and then to unpaid principal. The unpaid principal balance shall bear interest at the rate of 10% per annum <u>from January 31, 2013</u>, in accordance with the Collective Bargaining Agreements and Plaintiffs' Trust Agreements.

    (e) Checks shall be made payable to the *Operating Engineers Local 3 Trust Funds*, and delivered on or before each due date to <u>Michele R. Stafford at Saltzman & Johnson Law Corporation, 44 Montgomery Street, Suite 2110, San Francisco, California 94104</u>, or to such other address as may be specified by Plaintiffs, to be <u>received</u> on or before the 25th day of each month.

    (f) At the time that Defendant makes its 11th payment, Defendant may submit a written request for waiver of liquidated damages directed to the Board of Trustees, but sent to Saltzman and Johnson Law Corporation with the 11th payment.  Defendant will be advised as to whether or not the waiver has been granted prior to the final payment hereunder. Such waiver will not be considered until and unless all other amounts are paid in full and Defendant's account is current.

    If the waiver is granted, upon bank clearance of Defendant's last payment of the conditional balance and confirmation that Defendant's account is otherwise current, Plaintiffs will file a Notice of Satisfaction of Judgment with the Court. However, if the waiver is denied, monthly payments will continue until all liquidated damages not waived have been paid.

    (g) Defendant shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of any amounts owed by Defendant to Plaintiffs, regardless of whether or not Defendant defaults herein. All additional amounts due pursuant to the provisions hereunder shall also be paid in full with the January 25, 2014 stipulated payment.

///

(h) Prior to the last payment pursuant to this Stipulation, Plaintiffs shall advise Defendant, in writing, as to the final amount due, including interest and all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed to Plaintiffs under this Stipulation.

(i) Failure to comply with any of the above terms shall constitute a default of the obligations under this Agreement and the provisions of ¶11 shall apply.

5. Beginning with contributions due for hours worked by Defendant's employees during the month of January 2013, which are due by February 15, 2013, and delinquent if not received by February 25, 2013, and for every month thereafter, Defendant **shall remain current in reporting and payment of any contributions** due to Plaintiffs under the current Collective Bargaining Agreements and under all subsequent Collective Bargaining Agreements, if any, and the Declarations of Trust as amended. **Defendant shall submit a copy of the contribution report for each month, together with a copy of those payment checks, either by email to both <u>mstafford@sjlawcorp.com</u> and <u>vanessa@sjlawcorp.com</u>, or by facsimile to Michele R. Stafford at 415-882-9287, or to such other email or fax number as may be specified by Plaintiffs, <u>concurrently with sending the payment to the Trust Fund office</u>.** Failure by Defendant to timely submit copies of current contribution reports and payments or report of "no employees," if applicable, to Michele R. Stafford as described above shall constitute a default of the obligations under this agreement and the provisions of ¶11 shall apply.

This requirement shall be in effect, regardless of whether or not Defendant has work for any particular month. If Defendant has no employees working, Defendant shall submit the monthly report stating "no employees" or "no work." The reporting requirement shall apply to all accounts that Defendant has with the Trust Fund. A contribution report must be submitted for each account, every single month, unless an account is confirmed as closed by the Trust Fund and/or Union.

6. Defendant shall make full disclosure of all jobs on which they are working by providing Plaintiffs with an ongoing and updated list of jobs by using copies of the attached *Exhibit A*, including, but not limited to, the name and address of job, general contractor

information, certified payroll if a public works job, and period of work. **Defendant shall submit said updated list each month together with the contribution report (as required in above ¶5, by fax or email) to Michele R. Stafford.** This requirement remains in full force and effect regardless of whether or not Defendant has ongoing work. In this event, Defendant shall submit a statement stating that there are no current jobs. To the extent that Defendant is working on a Public Works job, or any other job for which Certified Payroll Reports are required, at Plaintiffs' request, copies of said Reports will be emailed or faxed to Michele R. Stafford, concurrently with their submission to the general contractor, owner or other reporting agency. Failure by Defendant to timely submit updated job lists shall constitute a default of the obligations under this agreement.

      7.      Failure by Defendant to remain current in reporting or payment of contributions shall constitute a default of the obligations under this agreement. Any such unpaid or late paid contributions shall violate the condition for waiver of liquidated damages and shall be added to and become part of this Judgment, together with 20% liquidated damages and 10% per annum interest accrued on contributions, and shall be subject to the terms herein. Plaintiffs reserve all rights available under the applicable Bargaining Agreements and Declarations of Trust of the Trust Funds for collection of current and future contributions, and for any additional past contributions not included herein as may be determined by Plaintiffs, pursuant to employee timecards or paystubs, by audit, or other means, and the provisions of this agreement are in addition thereto. Defendant specifically waives the defense of the doctrine *res judicata* as to any such additional amounts determined as due.

      8.      <u>Audit</u>:  Should the Trust Funds request an audit of Defendant's payroll records in order to confirm proper reporting and payment of contributions pursuant to the Bargaining Agreement, any failure by Defendant to comply with said request or with an audit in progress, if any, shall constitute a default of the obligations under this Agreement.

      (a)      In the event that Defendant has an audit in progress, but not yet complete (and thus not included herein), and amounts are found due, Plaintiffs shall send a written demand to Defendant by first class mail for payment in full of the amounts found due in the audit, including contributions, liquidated damages, interest and audit fees.

   (b) Defendant will be provided with ten (10) days in which to review the audit, and provide any evidence to contest the findings in the event that Defendant does not agree with the total found due. Once the ten (10) day review period expires, in the event that the audit is not contested, payment in full shall be delivered to Michele R. Stafford, made payable to "*Operating Engineers' Trust Funds*".

   (c) If the audit is contested, and Defendant provides documentation in support of the dispute, Defendant shall be notified as to whether revisions will be made to the audit. If revisions are not made, payment will be immediately due.

   (d) If revisions are made to said audit as a result of the dispute, payment in full of the revised amount shall be due within ten (10) days of the revised billing.

   (e) If Defendant is unable to make payment in full, Defendant may submit a written request to revise this Judgment, modifying the payment plan (by monthly amount and/or payment term), to add the amounts found due in the audit to this Judgment, subject to the terms herein. If the Judgment is so revised, Defendant shall execute the Amended Judgment or Amendment to Judgment within ten (10) days of Plaintiffs' preparation of said Amended Judgment or Amendment to Judgment. Failure to execute the revised agreement shall constitute a default of the terms herein.

   (f) Failure by Defendant to submit either payment in full or a request to add the amounts due to this Judgment within ten (10) days of the date of Plaintiffs demand shall constitute a default of the obligations under this agreement. All amounts found due on audit shall immediately become part of this Judgment.

  9. Individual Defendant MICHAEL ALBERT ZAYAS ("Guarantor") acknowledges that he is the RMO/CEO/President of Defendant ZAYAS INCORPORATED, a California Corporation, *aka* ZAYAS EXCAVATING, INC., *aka* ZAYAS EXCAVATING, and *fka* ALBERT ZAYAS EXCAVATING, INC., *aka* ALBERT ZAYAS EXCAVATING, a dissolved California Corporation, and that all successors in interest, assignees, and affiliated entities (including, but not limited to parent or other controlling companies), and any companies with which Defendant joins or merges, if any, shall also be bound by the terms of this Stipulation as Guarantors. This shall

include any additional entities in which MICHAEL ALBERT ZAYAS is an officer, owner or possesses any ownership interest. Defendant, and all such entities, specifically consents to the Court's jurisdiction, in writing at the time of any assignment, affiliation or purchase, as well as all other terms herein.

10. In the event that any check is not timely submitted, is submitted by Defendant/Guarantor but fails to clear the bank, or is unable to be negotiated for any reason for which Defendant/Guarantor is responsible, Defendant/Guarantor shall be considered to be in default of the Judgment entered. If Defendant/Guarantor fails to submit its contribution reports, and/or certified payroll reports (if any) and/or job lists, and/or fails to comply with *any* of the terms of the Stipulation herein, this too shall constitute a default. If this occurs, Plaintiffs shall make a written demand by both email and regular U.S. Mail to Defendant/Guarantor to cure said default *within seven (7) days of the date of the notice from Plaintiffs*. If caused by a failed check, default will only be cured by the issuance of a replacement *cashier's check*, delivered to Saltzman and Johnson Law Corporation within the seven (7) day cure period. If Defendant/Guarantor elects to cure said default, and Plaintiffs elect to accept future payments, *all such future payments shall be made by cashier's check* at Plaintiffs' request. In the event default is not cured, all amounts remaining due hereunder shall be immediately due and payable on demand by Plaintiffs.

11. In the event that Defendant/Guarantor fails to make any payment required under ¶4 above, or fail to remain current in any contributions under ¶5 above or fail to timely provide the monthly documents required by ¶¶5 and 6 herein, and that such default is not timely cured, the following will occur:

(a) The entire balance of **$104,904.45**, as specified in ¶3, plus interest, but reduced by principal payments received from Defendant/Guarantor, in addition to any unpaid contributions then due, plus 20% liquidated damages and 10% per annum interest on the unpaid or late paid contributions, shall be immediately due and payable, together with any attorneys' fees and costs incurred during the term of this Stipulation;

(b) A Writ of Execution may be obtained against Defendant/Guarantor and all related entities without further notice, in the amount of the unpaid balance, plus any additional

amounts under the terms herein. The declaration of a duly authorized representative of the Plaintiffs setting forth any payment theretofore made by or on behalf of Defendant, and the balance due and owing as of the date of default, shall be sufficient to secure the issuance of a Writ of Execution;

    (c) Defendant/Guarantor waives notice of Entry of Judgment and any Request for a Writ of Execution upon default, and expressly waives all rights to stay of execution and appeal.

    (d) Defendant/Guarantor shall pay all additional attorneys' fees and costs incurred by Plaintiffs in connection with collection and allocation of the amounts owed by Defendant/Guarantor to Plaintiffs under this Stipulation, whether or not a default occurs herein.

  12. Any failure on the part of the Plaintiffs to take any action against Defendant/Guarantor as provided herein in the event of any breach of the provisions of this Stipulation shall not be deemed a waiver of any subsequent breach by the Defendant/Guarantor of any provisions herein.

  13. In the event of the filing of a bankruptcy petition by the Defendant/Guarantor, the parties agree that any payments made by Defendant/Guarantor pursuant to the terms of this Judgment, shall be deemed to have been made in the ordinary course of business as provided under 11 U.S.C. Section 547(c)(2) and shall not be claimed by Defendant/Guarantor as a preference under 11 U.S.C. Section 547 or otherwise. Defendant/Guarantor nevertheless represents that no bankruptcy filing is anticipated.

  14. This Stipulation is limited to the agreement between the parties with respect to the delinquent contributions and related sums enumerated herein, owed by Defendant/Guarantor to the Plaintiffs.  This Stipulation does not in any manner relate to withdrawal liability claims, if any. Defendant/Guarantor acknowledges that the Plaintiffs expressly reserve their right to pursue withdrawal liability claims, if any, against Defendant and all of their control group members, as provided by the Plaintiffs' Plan Documents, Trust Agreements incorporated into their Collective Bargaining Agreement, and applicable laws and regulations.

  15. Should any provision of this Stipulation be declared or determined by any court of

9
**NOTICE OF ACKNOWLEDGMENT AND JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C12-6567 WHA**
P:/Clients/OE3CL/Zayas Excavating/Pleadings/Stipulation/Judgment Pursuant to Stipulation 021313.doc

1 competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity, and
2 enforceability of the remaining parts, terms or provisions shall not be affected thereby and said
3 illegal, unenforceable or invalid part, term, or provision shall be deemed not to be part of this
4 Stipulation.

5     16.    This Stipulation contains all of the terms agreed by the parties and no other
6 agreements have been made.  Any changes to this Stipulation shall be effective only if made in
7 writing and signed by all parties hereto.

8     17.    This Stipulation may be executed in any number of counterparts and by facsimile,
9 each of which shall be deemed an original and all of which shall constitute the same instrument.

10     18.    ~~The parties agree that the Court shall retain jurisdiction of this matter until this~~
11 ~~Judgment is satisfied~~.

12     19.    Defendant/Guarantor represents and warrants that it has had the opportunity to be
13 or has been represented by counsel of its own choosing in connection with entering this
14 Stipulation under the terms and conditions set forth herein, that it has read this Agreement with
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

care and is fully aware of and represents that it enters into this Stipulation voluntarily and without duress.

Dated: February 13, 2013          **ZAYAS INCORPORATED, a California Corporation, *aka* ZAYAS EXCAVATING, INC., *aka* ZAYAS EXCAVATING, and *fka* ALBERT ZAYAS EXCAVATING, INC., *aka* ALBERT ZAYAS EXCAVATING, a dissolved California Corporation**

By: /S/ Michael Albert Zayas
Michael Albert Zayas
Its RMO/CEO/President

Dated: February 13, 2013          **MICHAEL ALBERT ZAYAS**

/S/ Michael Albert Zayas
Michael Albert Zayas
Individually, as Personal Guarantor

Dated: February 19, 2013          **OPERATING ENGINEERS' HEALTH & WELFARE TRUST FUND, et al.**

By: /S/David E. Hayner
David E. Hayner
Collections Manager
Operating Engineers' Health & Welfare Trust Fund, et al.

Dated: February 19, 2013          **SALTZMAN & JOHNSON LAW CORPORATION**

By: /S/Michele R. Stafford
Michele R. Stafford
Attorneys for Plaintiffs
Operating Engineers' Health & Welfare Trust Fund, et al.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the calendar in this matter is vacated, ~~and that the Court shall retain jurisdiction over this matter~~.   The clerk shall **CLOSE** the file.

Dated: February 25, 2013

THE HONORABLE WILLIAM H. ALSUP
UNITED STATES DISTRICT COURT JUDGE

11
**NOTICE OF ACKNOWLEDGMENT AND JUDGMENT PURSUANT TO STIPULATION**
**CASE NO.: C12-6567 WHA**
P:/Clients/OE3CL/Zayas Excavating/Pleadings/Stipulation/Judgment Pursuant to Stipulation 021313.doc

| | |
|---|---|
| 1 | ***EXHIBIT A*** |

**JUDGMENT PURSUANT TO STIPULATION**

*JOB REPORT FORM*
*** Updated report must be faxed ((415) 882-9287) or emailed (mstafford@sjlawcorp.com) to Michele R. Stafford, Esq., at on the 30th day of each month ***

*NOTE: Please spell out the names of projects, owners and general contractors (no abbreviations).*

**Employer Name: ZAYAS EXCAVATING, INC.**

**Report for the month of** _____   **Submitted by:** _____

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

| | | | |
|---|---|---|---|
| **Project Name:** | | | |
| **Project Address:** | | | |
| **General Contractor:** | | | |
| **General Contractor Address:** | | | |
| **General Contractor Telephone #:** | | **Project Manager Name:** | |
| **Project Manager Telephone #:** | | **Project Manager email address:** | |
| **Contract #:** | | **Contract Date:** | |
| **Total Contract Value:** | | | |
| **Work Start Date:** | | **Work Completion Date:** | |
| **Project Bond #:** | | **Surety:** | |

*** Attach additional sheets as necessary ***